UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SAIANA DAGBAZHALSANOVA, SARDOR KHAMDAMOV, EDILBEK MAMYROV, ARTUR NAZGASHVILI, and YANA USMANOVA,

                  Plaintiff,

-against-

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, UR JADDOU, Director, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ALEJANDRO MAYORKAS, Secretary, U.S. DEPARTMENT OF HOMELAND SECURITY, LOREN K. MILLER, Director, USCIS NEBRASKA SERVICE CENTER, and Officer EX0178, USCIS,

                  Defendants.

**MEMORANDUM AND ORDER**
23-CV-9599 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

    Saiana Dagbazhalsanova, Sardor Khamdamov, Edilbek Mamyrov, Artur Nazgashvili, and Yana Usmanova ("Plaintiffs") bring the instant action against the United States Citizenship and Immigration Services ("USCIS"), Director of USCIS Ur M. Jaddou, Secretary of Homeland Security Alejandro Mayorkas, USCIS Nebraska Service Center Director Loren K. Miller, and USCIS Officer EX0178 ("Defendants"). Plaintiffs seek declaratory and injunctive relief, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, arising from Defendants' denial of their Form I-140, Immigrant Petitions for Alien Workers ("I-140s") and related Form I-290B, Notices of Appeal or Motion ("I-290Bs"). Defendants move pursuant to

1

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the amended complaint in its entirety. In the alternative, Defendants move pursuant to Federal Rule of Civil Procedure 21 to sever Plaintiffs' claims. Plaintiffs cross-move pursuant to Federal Rule of Civil Procedure 56 for summary judgment.

## BACKGROUND[1]

### I. Regulatory Framework for Visa Application

Pursuant to § 1153(b)(2)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., a preference allocation of employment-based visas is allotted for noncitizens who are:

> qualified immigrants who are members of the professions holding advanced degrees or their equivalent or who because of their exceptional ability in the sciences, arts, or business, will substantially benefit prospectively the national economy, cultural or educational interests, or welfare of the United States and whose services in the sciences, arts, professions or business are sought by an employer of the United States.

Furthermore, § 1153(b)(2)(B)(i) of the INA provides that the Attorney General of the United States may waive the requirement that the noncitizen's services are sought by an employer in the United States, which is known as a national interest waiver. A noncitizen who wishes to obtain one of these employment-based visas must file an I-140 with USCIS. *See* I-140, Immigrant Petition for Alien Workers, USCIS, https://www.uscis.gov/i-140 (last updated Jan. 24, 2025).

Pursuant to 8 C.F.R. § 103.5(a)(5), USCIS may reopen a proceeding or reconsider a decision it rendered of its own volition. The agency may then render a new decision that may or may not be favorable to the affected party. *See* 8 C.F.R. § 103.5(a)(5). When USCIS reopens a

---

[1] The following facts are taken from the complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

proceeding or reconsiders a decision and the "new decision may be unfavorable to the affected party, the [agency] shall give the affected party 30 days after service of the motion to submit a brief." *See id*. § 103.5(a)(5)(ii). USCIS may also issue a Notice of Intent to Deny ("NOID") to an applicant or a petitioner, by which USCIS "notif[ies] the applicant or petitioner of its intent to deny the benefit request and the basis for the proposed denial, and require[s] that the applicant or petitioner submit a response within a specified period of time as determined by USCIS," which may not exceed thirty days. *Id*. § 103.2(b)(8)(iii)–(iv).

## II.   Plaintiffs' Visa Applications

Plaintiffs are applicants for employment-based lawful permanent residence in the United States. (Am. Compl. ¶¶ 18–22, ECF No. 8.) Each plaintiff filed his or her I-140 and request for a national interest waiver in December 2022. (*Id.*) Between August 31, 2023, and September 7, 2023, USCIS denied each plaintiff's I-140 and national interest waiver request. (*See id*.) In October 2023, each plaintiff filed a notice of appeal, known as a Form I-190B, of the agency's denial. (Decl. of Matthew W. Skretta ("Skretta Decl.") ¶¶ 4, 7, 10, 13, 16, ECF No. 22-2.)[2]

---

[2] In rendering its decision on the motion to dismiss, the Court has considered facts asserted in the Declaration of Matthew W. Skretta, Supervisory Immigration Servicer Officer at the Nebraska Service Center of USCIS (the "Skretta Declaration"), which was attached to Defendant's motion to dismiss. (Decl. of Matthew W. Skretta ("Skretta Decl."), ECF No. 22-2.) Specifically, the Court considers facts asserted in the Skretta Declaration describing the adjudication process for Form I-140, Immigrant Petitions for Alien Workers and records that USCIS maintains relevant to Plaintiffs' petitions. On a motion to dismiss, the Court "may consider documents that 'are attached to the complaint,' 'incorporated in it by reference,' 'integral' to the complaint, or the proper subject of judicial notice." *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)). "District [c]ourts may take judicial notice of facts 'not subject to reasonable dispute' when they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Kravitz v. Tavlarios*, No. 20-CV-2579, 2021 WL 5365582, at *3 (2d Cir. Nov. 18, 2021) (quoting Fed. R. Evid. 201(b)(2)). In deciding a Rule 12(b)(6) motion, a court may also "take judicial notice of documents in the public record, which includes records and reports of administrative bodies." *Zhuo v. Mayorkas*, No. 23-CV-5416, 2024 WL 4309232, at *1 n.1 (E.D.N.Y. Sept. 26, 2024) (quoting *Volpe v. Nassau Cty.*, 915 F. Supp. 2d 284, 291 (E.D.N.Y. 2013)) (internal quotation marks omitted)*; see also Duan v. U.S. Citizenship & Immigr. Servs.*, No. 22-CV-01538, 2023 WL 4687078, at *2 (E.D.N.Y. July 22, 2023) (taking judicial notice of the facts that USCIS adjudicates asylum applications on a last-in-first-out basis and that USCIS makes available a process through which asylum seekers can request to expedite their applications). Other courts have considered similar declarations in immigration cases. *See Haider v. U.S. Dep't of Homeland Sec.*, No. 20-CV-3808, 2021 WL 5630794, at *1 n.2 (D.D.C. Dec. 1, 2021);

USCIS dismissed each of the appeals on November 13, 2023. (*Id.*) On May 8, 2024, USCIS reopened Plaintiffs' I-140 petitions sua sponte and issued corresponding reopening notices. (*Id.* ¶¶ 5, 8, 11, 14, 17.) That day, USCIS also issued a NOID as to each plaintiff, advising of specific deficiencies identified in his or her I-140 and inviting Plaintiffs to submit supplemental evidence to address those deficiencies. (*Id.*) Plaintiffs' reopened I-140 petitions remain pending.

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court deciding

---

*Darwish v. Pompeo*, No. 18-CV-1370, 2020 WL 7049436, at *5 (W.D.N.Y. Aug. 19, 2020), *report and recommendation adopted*, No. 18-CV-01370, 2020 WL 5987844 (W.D.N.Y. Oct. 9, 2020).

4

whether to grant a motion to dismiss must "draw all reasonable inferences in [the plaintiff's] favor, assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)) (citation omitted). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Further, a court is not obligated to accept a plaintiff's "conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber*, 648 F.3d at 104 (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008)).

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movants bear the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Where the non-movant bears the burden of proof at trial, the movants' initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim. *Celotex Corp.*, 477 U.S. at 325. Once the movants meet their initial burden, the non-movant may defeat summary judgment only by adducing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court is to believe the evidence of the non-movant and draw all justifiable inferences in her favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts,

5

*Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996). That is, the non-movant cannot survive summary judgment by relying on the same conclusory allegations set forth in her complaint. *See Murphy v. Lajaunie*, No. 13-CV-6503, 2016 WL 1192689, at *2 (S.D.N.Y. Mar. 22, 2016) (citing *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998)).

## DISCUSSION

"Under the APA, a court may review federal agency action only if there is a statute permitting such review or if the challenged decision is the 'final agency action for which there is no other adequate remedy in a court.'" *6801 Realty Co., LLC v. U.S. Citizenship & Immigr. Servs.*, 719 F. App'x. 58, 60 (2d Cir. 2018) (quoting 5 U.S.C. § 704). Finality is satisfied by two conditions: "First, the action must mark the consummation of the agency's decision-making process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Salazar v. King*, 822 F.3d 61, 82 (2d Cir. 2016) (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)). Courts typically hold that agency action is non-final when an agency reopens its proceedings, particularly in the immigration context. *See 6801 Realty Co.*, 719 F. App'x at 60 ("USCIS's reopening rendered the initial visa denial non-final."); *see also Mantena v. Hazuda*, No. 17-CV-5142, 2018 WL 3745668, at *6 (S.D.N.Y. Aug. 7, 2018) (collecting cases). However, in coming to this conclusion, courts often consider whether an agency requests more evidence and actually conducts further investigation upon reopening. *See, e.g.*, *6801 Realty Co.*, 719 F. App'x at 60 (holding that the USCIS's reopening of the plaintiff's H-1B visa application rendered the initial denial non-final where "USCIS actually reopened the decision and actively sought new evidence"); *True Capital Mgmt., LLC v. U.S. Dep't of Homeland Sec.*, No. 13-CV-261, 2013 WL 3157904, at *4 (N.D. Cal. June 20, 2013) (holding

6

that USCIS's reopening of the plaintiff's visa application with a request for additional evidence "render[ed] [its] decision non-final and therefore not subject to review under the APA"); *German Language Ctr. v. United States*, No. 09-CV-3950, 2010 WL 3824636, at *3 (S.D. Tex. Sept. 27, 2010) (holding that a decision on a visa petition was non-final because the agency decision "ha[d] been set aside by USCIS, . . . the proceedings ha[d] been reopened, and [plaintiff] ha[d] been invited to provide additional evidence"); *c.f. Mantena*, 2018 WL 3745668 at *6 (holding that agency action was final where the Government had reopened the plaintiff's case "in name only").

Defendants argue that Plaintiffs' APA claims should be dismissed because there is no "final agency action" for the Court to review. (Mem. L. in Supp. Defs.' Mot. Sever and Dismiss ("Defs.' Mem.") at 18–22, ECF No. 22-1.) Specifically, Defendants argue that the agency's withdrawal of the I-140 denial decisions, coupled with Plaintiffs' opportunity to submit evidence before the agency issues a new decision, renders the denials non-final. (*Id*.) The Court agrees.[3] Here, there is no question that USCIS reopened the denial of each plaintiff's I-140 petition. (*See* Skretta Decl., ¶¶ 5, 8, 11, 14, 17, Exs. A, B, C, D, E.) Further, the agency issued a NOID to each plaintiff, providing him or her an opportunity to submit information to address specifically-identified deficiencies before USCIS issues a new decision. (*Id*.) As Defendants aptly argue, the withdrawn I-140 denial decisions on which the amended complaint is based, therefore, cannot

---

[3] The question of whether final agency action is a jurisdictional requirement remains open in the Second Circuit. *See Sharkey v. Quarantillo*, 541 F.3d 75, 87–88 (2d Cir. 2008) (declining to "reach the difficult question of whether the[] threshold requirement[] [of final agency action] hold[s] the keys to the kingdom of subject-matter jurisdiction" (citation and internal quotation marks omitted)). The Second Circuit declined to resolve that question in *6801 Realty Co., LLC v. United States Citizenship & Immigr. Servs.*, holding that the "final agency action" requirement implicates another threshold, non-merits inquiry—that of "statutory standing"—that can properly be addressed before Article III standing. 719 F. App'x at 59 n.1. Statutory standing concerns whether a plaintiff "has a cause of action under the statute." *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016) (citation and internal quotation marks omitted). Here, as in *6801 Realty*, the Court declines to reach the Article III question, finding instead that Plaintiff lacks statutory standing, at least, to bring this case.

"mark the consummation of the agency's decision-making process." *See Bennett*, 520 U.S. at 177–78 (citation and internal quotation marks omitted). Indeed, that the agency has provided Plaintiffs an opportunity to submit additional evidence to aid in the agency's determination is a sure indication that the decision-making process remains in progress. That is, "USCIS's reopening rendered the initial visa decision non-final. The reopening was not an informal revision that offered a mere possibility of success; USCIS actually reopened the decision and actively sought new evidence." *6801 Realty Co.*, 719 F. App'x. at 60. And as to the second element of finality, it is axiomatic that a withdrawn decision is not one from which "legal consequences will flow." *See Salazar*, 822 F.3d at 82.

In opposition, Plaintiffs argue that the Court could only find the agency's I-140 denials non-final if it impermissibly imposes an exhaustion requirement. (Pls.' Mem. L. in Opp'n to Defs.' Mot. to Sever and Dismiss and Pls.' Cross-Mot. for Summ. J. ("Pls.' Opp'n") at 8–9, ECF No. 21.) Specifically, Plaintiffs argues that under the APA, "an appeal to superior agency authority [is] a prerequisite to judicial review only when expressly required by statute, or when an agency rule require[s] appeal before review." (*Id*. at 8 (citing *Darby v. Cisneros*, 509 U.S. 137, 138 (1993).) According to Plaintiffs, because administrative exhaustion of their I-140 petitions is not a statutory prerequisite to judicial review, the Court should find the agency's previous denials final. (*Id*.) Plaintiffs' concern with exhaustion is misplaced. Indeed, as Defendants argue, there has been no suggestion that preclusion of judicial review is the result of any failure by Plaintiffs to exhaust their claims. (Reply Mem. L. in Supp. Defs.' Mot. to Sever and Dismiss and in Opp'n to Pls.' Cross-Mot. for Summ. J. ("Defs.' Reply") at 7, ECF No. 24.) Instead, because a prior determination has been rendered inoperative by agency actions, there is no existing final decision for the Court to review. *See 6801 Realty Co.*, 719 F. App'x. at 60

8

("USCIS's decision to reopen nullified the prior denial and left nothing for the district court to review.")

Next, Plaintiffs argue that dismissal of their claims would not comport with the aims of the finality requirement. (Pls.' Opp'n at 9–10.) In so doing, Plaintiffs point to *Air Espana v. Brien*, which noted among the "several functions" of finality, that "[i]t allows the agency an opportunity to apply its expertise and correct its mistakes, [and] it avoids disrupting the agency's processes." 165 F.3d 148, 152 (2d Cir. 1999) (citation omitted). As Plaintiffs' argument goes, because the agency identified purported deficiencies in each I-140 petition, Defendants' withdrawals of the previous denials cannot be seen as the agency seeking to correct its own mistakes. (Pls.' Opp'n at 9.) Therefore, Plaintiffs argue, the Court should determine that Defendants' withdrawn determinations were final. (*Id.*) The Court is unpersuaded. Plaintiffs' argument reveals its incomplete articulation of the law. In full, the court in *Air Espana* held that finality "allows the agency an opportunity to apply its expertise and correct its mistakes, it avoids disrupting the agency's processes, and it relieves the courts from having to engage in piecemeal review which is at the least inefficient and upon completion of the agency process might prove to have been unnecessary." 165 F.3d at 152 (citation and internal quotation marks omitted). Consistent with this purpose, as Defendants argue, any judicial review should follow the agency's review of supplemental evidence and issuance of new determinations. Conversely, it is Plaintiffs' suggestion that the Court review the withdrawn I-140 decisions, notwithstanding Defendants' review of the requested supplemental information, that flies in the face of finality's purposes. (*See* Pls.' Opp'n at 9.) Plaintiffs' opposition is thus unavailing. Because there is no final agency action for the Court to review, Plaintiffs' claims are dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' amended complaint is GRANTED. Because the amended complaint is dismissed, Plaintiffs' motion for summary judgment is DENIED in its entirety, and Defendants' motion to sever Plaintiffs' claims is DENIED as moot.

                                              SO ORDERED.

Dated: Brooklyn, New York          /s/ LDH
       March 31, 2025                  LASHANN DEARCY HALL
                                         United States District Judge